IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY E. MARTINEZ,

    Plaintiff,

v.                                              No. 25cv600 JFR/SCY

ABQ CODE ENFORCEMENT, ANGELO
MATZER, RAY VELARDEZ, and WILLIAM
(JOSH) GALLEGOS,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court sua sponte. On June 26, 2025, Defendants ABQ Code Enforcement, Angelo Metzgar, and William (Josh) Gallegos removed this case from state court. Doc. 1. The Notice of Removal asserts federal question jurisdiction. *Id.* ¶ 3.

"Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). Even "[i]f the parties do not raise the question" themselves, it is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "[A] federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

   Plaintiff's pro se complaint lacks a statement of the cause of action. As grounds for federal question jurisdiction, the Notice of Removal alleges that:

> 2. This Court has original jurisdiction as provided in 28 U.S.C § 1331 in that the cause arises under the Constitution and law of the United States brought pursuant to 42 U.S.C. § 1983 Complaint at Page 1 ("My disability, Human, Civil, Religious Rights have Been denied By ABQ Code Enforcement" (sic)) and Page 2 ("Violation of my rights constitutional" (sic)).
>
> 3. This Court has federal question jurisdiction. Plaintiff's allegations of violations of her United States constitutional rights arise, if any at all, under federal law. A federal question appears on the face of the Complaint. There is an actual controversy between Plaintiff and Defendants.

Doc. 1 ¶¶ 2-3.

   The Notice of Removal makes a logical leap between paragraphs 2 and 3. The quotation from the complaint in paragraph 2 demonstrates that Plaintiff did not cite or reference *federal* rights in the complaint. Like federal law, state statutory and constitutional law provides disability rights, human rights, civil rights, and religious rights. The Notice of Removal does not explain why Plaintiff's claim *necessarily* depends on resolution of federal issues, as opposed to (for example) state constitutional rights. The complaint could be invoking either state or federal protections, or both, and is therefore ambiguous.

A complaint that "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Kumar v. ChaseBank, N.A.*, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added). The Notice of Removal does not point to any facts in Plaintiff's complaint that state a substantial federal claim.

Nor does the Court find any facts in Plaintiff's complaint that state a federal claim. First, there are no details regarding the nature of Plaintiff's disability and there are no allegations clarifying which defendant took which actions to violate her disability rights. Second, the complaint does not specify the nature of the "human rights" or "civil rights" violations Plaintiff alleges, terms that are too general to be of any guidance in deciphering the pleadings. Finally, although the complaint states Plaintiff has videos of "code enforcement mocking, joking, laughing [at] me [and] my religious beliefs [and] crosses on my windows," Doc. 1-1 at 7, there are no facts supporting a cause of action under federal law, let alone a clarification of what law Plaintiff alleges was violated. There are many different aspects of and ramifications to federal freedom-of-religion law. As one example, the free exercise clause of the First Amendment "asks whether government has placed a substantial burden on the observation of a central religious belief or practice." *Jimmy Swaggart Ministries v. Bd. of Equalization of California*, 493 U.S. 378, 384 (1990). A burden is substantial where the government "(1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief." *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014). Here, although Plaintiff alleges that Defendants

mocked her religious beliefs, she does not allege that Defendants engaged in conduct that placed, or places, a substantial burden on her religious beliefs.

The Court is sympathetic to the situation of a defendant served with an ambiguous complaint and allegations referencing civil rights which *could* arise under federal law. However, "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). Federal-question jurisdiction must be established before this case may proceed in federal court.

Therefore, the Court will permit Plaintiff to file an amended complaint clarifying whether the case is brought under federal or state law. Plaintiff shall file this amended complaint, if she chooses to do so, no later than **July 23, 2025**. If Plaintiff chooses to file an amended complaint, she should be clear what causes of action she intends to bring and which facts support which claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks and citation omitted)).

IT IS FURTHER ORDERED that Defendant shall, no later than **August 13, 2025**, show cause why the Court should not remand this case to state court for lack of jurisdiction. Failure to timely show cause may result in remand of this case without further notice.

*[signature]*
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

4