IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY E. MARTINEZ,

    Plaintiff,

v.                                                                                          No. 25cv600 JFR/SCY

ABQ CODE ENFORCEMENT, ANGELO
MATZER, RAY VELARDEZ, and WILLIAM
(JOSH) GALLEGOS,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

On June 26, 2025, Defendants ABQ Code Enforcement, Angelo Metzgar, and William (Josh) Gallegos removed this case from state court. Doc. 1. The Notice of Removal asserts federal question jurisdiction. *Id.* ¶ 3. The Court issued an Order to Show Cause, noting that Plaintiff's state-court complaint lacked a statement of causes of action and failed to state any federal claims upon which relief could be granted. Doc. 7. The Court offered Plaintiff the option of filing an amended complaint in order to clarify whether she intended to state federal or state claims, and ordered Defendant to show cause why this case should not be remanded to state court. *Id.* at 4. The Court warned Plaintiff:

> If Plaintiff chooses to file an amended complaint, she should be clear what causes of action she intends to bring and which facts support which claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks and citation omitted)).

*Id.*

Plaintiff did not file an amended complaint. Instead, Plaintiff filed two responses to the Order to Show Cause. Docs. 9 & 11. Defendant also filed a response to the Order to Show

Cause, arguing that:

> Throughout Plaintiff's Response to Order to Show Cause Plaintiff raises what appear to be federal questions including allegation of First Amendment violations and violations of the Americans with Disabilities Act which are properly decided by this Court. In Plaintiff's Response to Order to Show Cause [Doc. 9] Plaintiff alleges:
>
> > a. "Constitutional Violation of my Right to FAIR HOUSING" (sic) regarding the federal Section 8 Housing Program. [Doc. 9, Page 1].
> >
> > b. "Code enforcement used WARFARE against me and this is a violation of my Constitutional Rights, go read the Constitution, Bill of Rights, Declaration of Independence…" (sic). [Doc 9, Page 6].
> >
> > c. "If I have to explain to you the 1st Amendment than you need to turn n your Law degrees." (sic). [Doc 9, Page 7].
> >
> > d. "I have a CONSITUTIONAL RIGHT to display CROSSES on the property …. but was treated not HUMAN NOT CIVIL, see how my Human and Civil RIGHTS along with Housing Right, Disability RIGHTS were violated." (sic) [Doc 9, Page 7].
> >
> > e. "Do, I need to quote the 1st Amendment and religious persecution to you?" (sic). [Doc 9, Page 7].
> >
> > f. "BTW, Part of my injury's effects/affects my ability to read, write and comprehend things so your refusal to make allowances for that is a violation of the American with Disabilities law a FEDERAL LAW." (sic) [Doc 9, Page 9].

Doc. 10 at 1-2.

The Court agrees with Defendant that Plaintiff has demonstrated an intent to bring federal claims. However, the Court informed Plaintiff in its Order to Show Cause that Plaintiff's initial complaint did not state a claim upon which relief can be granted. Doc. 7 at 3-4. Plaintiff has not filed an amended complaint, so her initial complaint is the operative pleading. As such, any federal claims she intends to bring are subject to dismissal for failure to state a claim.

The Court will provide Plaintiff an opportunity to file an amended complaint, and provides the following guidance concerning that amendment.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *United States v. Celio*, 388 F. App'x 758, 761 (10th Cir. 2010) ("[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings that are wordy and unwieldy, and district judges have their task made immeasurably more difficult by pleadings that are rambling.") (internal alterations omitted). Plaintiffs' responses to the orders to show cause do not meet this standard.

The amended complaint must contain factual allegations describing what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed and what specific legal rights Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The amended complaint must identify which claims Plaintiff is asserting against each Defendant and the facts that support the claims. The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

The amended complaint must set forth Plaintiff's allegations in uniquely numbered paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Rule 8 of the Federal Rules of Civil Procedure requires that Defendants "must admit or deny the allegations asserted against" them by Plaintiff. Fed. R. Civ. P. 8(b)(1)(B).

Case 1:25-cv-00600-JFR-SCY    Document 12    Filed 11/05/25    Page 4 of 5

Uniquely numbered paragraphs facilitate the identification of which paragraphs Defendants admit and which paragraphs they deny.

The Court instructs Plaintiff to refrain from abusive language and rhetoric directed at the Court or the opposing party or counsel. *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (liberal pleading rules are not intended to be a vehicle for abusive documents).

The Court warns Plaintiff it will not accept as an operative complaint a filing that does not meet the above guidelines. In that case, the Court may dismiss all federal claims that may have been brought in the initial complaint and remand this action to state court.

Finally, the Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

4

5

THEREFORE, IT IS ORDERED that Plaintiff shall, no later than **December 5, 2025**, file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. Failure to timely file an amended complaint that complies with the guidance in this Order may result in dismissal of Plaintiff's federal claims and remand to state court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE