IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY E. MARTINEZ,

    Plaintiffs,

v.                                                                                          No. 25cv600 JFR/SCY

ABQ CODE ENFORCEMENT, ANGELO
MATZER, RAY VELARDEZ, and WILLIAM
(JOSH) GALLEGOS,

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a) as directed. Plaintiff is proceeding pro se. She initiated this case by filing a 3-page handwritten complaint in state court, most of which appears in narrative form. Doc. 1-2. The original complaint did not cite any federal causes of action or identify a clear factual basis for any claims. On June 26, 2025, Defendants ABQ Code Enforcement, Angelo Metzgar, and William (Josh) Gallegos removed this case from state court. Doc. 1. The Notice of Removal asserted federal question jurisdiction. *Id.* ¶ 3.

Pursuant to the Court's sua sponte duty to address an apparent lack of jurisdiction, *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988), the Court issued an Order to Show Cause. Doc. 7. It explained:

> "For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by

exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

Plaintiff's pro se complaint lacks a statement of the cause of action. As grounds for federal question jurisdiction, the Notice of Removal alleges that:

> 2.     This Court has original jurisdiction as provided in 28 U.S.C § 1331 in that the cause arises under the Constitution and law of the United States brought pursuant to 42 U.S.C. § 1983 Complaint at Page 1 ("My disability, Human, Civil, Religious Rights have Been denied By ABQ Code Enforcement" (sic)) and Page 2 ("Violation of my rights constitutional" (sic)).
>
> 3.     This Court has federal question jurisdiction. Plaintiff's allegations of violations of her United States constitutional rights arise, if any at all, under federal law. A federal question appears on the face of the Complaint. There is an actual controversy between Plaintiff and Defendants.

Doc. 1 ¶¶ 2-3.

The Notice of Removal makes a logical leap between paragraphs 2 and 3. The quotation from the complaint in paragraph 2 demonstrates that Plaintiff did not cite or reference *federal* rights in the complaint. Like federal law, state statutory and constitutional law provides disability rights, human rights, civil rights, and religious rights. The Notice of Removal does not explain why Plaintiff's claim *necessarily* depends on resolution of federal issues, as opposed to (for example) state constitutional rights. The complaint could be invoking either state or federal protections, or both, and is therefore ambiguous.

A complaint that "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Kumar v. ChaseBank, N.A*., 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added). The Notice of Removal does not point to any facts in Plaintiff's complaint that state a substantial federal claim.

Nor does the Court find any facts in Plaintiff's complaint that state a federal claim. First, there are no details regarding the nature of Plaintiff's disability and there are no allegations clarifying which defendant took which actions to violate her disability rights. Second, the complaint does not specify the nature of the "human rights" or "civil rights" violations Plaintiff alleges, terms that are too general to be of any guidance in deciphering the pleadings. Finally, although the complaint states Plaintiff has videos of "code enforcement mocking, joking, laughing [at] me [and] my religious beliefs [and] crosses on my windows," Doc. 1-1 at 7, there are no facts supporting a cause of action under federal law, let alone a clarification of what law Plaintiff alleges was violated. There are many different aspects of and

> ramifications to federal freedom-of-religion law. As one example, the free exercise clause of the First Amendment "asks whether government has placed a substantial burden on the observation of a central religious belief or practice." *Jimmy Swaggart Ministries v. Bd. of Equalization of California*, 493 U.S. 378, 384 (1990). A burden is substantial where the government "(1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief." *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014). Here, although Plaintiff alleges that Defendants mocked her religious beliefs, she does not allege that Defendants engaged in conduct that placed, or places, a substantial burden on her religious beliefs.

Doc. 7 at 1-4.

Accordingly, the Court provided Plaintiff an opportunity to file an amended complaint "clarifying whether the case is brought under federal or state law." *Id.* at 4. The Court explained:

> If Plaintiff chooses to file an amended complaint, she should be clear what causes of action she intends to bring and which facts support which claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks and citation omitted)).

*Id.*

Plaintiff did not file an amended complaint. Instead, Plaintiff filed two responses to the Order to Show Cause. Docs. 9 & 11. The responses did not indicate they were amended complaints by title, and were written in narrative form. *Id.* The responses did not cite any federal causes of action and did not identify a clear factual basis for any claims. *Id.*

Defendants also filed a response to the Order to Show Cause, arguing that:

> Throughout Plaintiff's Response to Order to Show Cause Plaintiff raises what appear to be federal questions including allegation of First Amendment violations and violations of the Americans with Disabilities Act which are properly decided by this Court. In Plaintiff's Response to Order to Show Cause [Doc. 9] Plaintiff alleges:
>
>> a. "Constitutional Violation of my Right to FAIR HOUSING" (sic) regarding the federal Section 8 Housing Program. [Doc. 9, Page 1].

3

      b. "Code enforcement used WARFARE against me and this is a violation of my Constitutional Rights, go read the Constitution, Bill of Rights, Declaration of Independence…" (sic). [Doc 9, Page 6].

      c. "If I have to explain to you the 1st Amendment than you need to turn n your Law degrees." (sic). [Doc 9, Page 7].

      d. "I have a CONSITUTIONAL RIGHT to display CROSSES on the property …. but was treated not HUMAN NOT CIVIL, see how my Human and Civil RIGHTS along with Housing Right, Disability RIGHTS were violated." (sic) [Doc 9, Page 7].

      e. "Do, I need to quote the 1st Amendment and religious persecution to you?" (sic). [Doc 9, Page 7].

      f. "BTW, Part of my injury's effects/affects my ability to read, write and comprehen things so your refusal to make allowances for that is a violation of the American with Disabilities law a FEDERAL LAW." (sic) [Doc 9, Page 9].

Doc. 10 at 1-2.

      The Court issued an Order to File Amended Complaint, explaining that,

      The Court agrees with Defendant that Plaintiff has demonstrated an intent to bring federal claims. However, the Court informed Plaintiff in its Order to Show Cause that Plaintiff's initial complaint did not state a claim upon which relief can be granted. Doc. 7 at 3-4. Plaintiff has not filed an amended complaint, so her initial complaint is the operative pleading. As such, any federal claims she intends to bring are subject to dismissal for failure to state a claim.

Doc. 12 at 2. The Court instructed Plaintiff to file an amended complaint, and provided the following guidance concerning that amendment:

      "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *United States v. Celio*, 388 F. App'x 758, 761 (10th Cir. 2010) ("[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings that are wordy and unwieldy, and district judges have their task made immeasurably more difficult by pleadings that are rambling.") (internal alterations omitted). Plaintiffs' responses to the orders to show cause do not meet this standard.

      The amended complaint must contain factual allegations describing what each Defendant did to Plaintiff, when each Defendant did it, how each Defendant's actions harmed and what specific legal rights Plaintiff believes each Defendant

4

violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The amended complaint must identify which claims Plaintiff is asserting against each Defendant and the facts that support the claims. The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

The amended complaint must set forth Plaintiff's allegations in uniquely numbered paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Rule 8 of the Federal Rules of Civil Procedure requires that Defendants "must admit or deny the allegations asserted against" them by Plaintiff. Fed. R. Civ. P. 8(b)(1)(B). Uniquely numbered paragraphs facilitate the identification of which paragraphs Defendants admit and which paragraphs they deny.

The Court instructs Plaintiff to refrain from abusive language and rhetoric directed at the Court or the opposing party or counsel. *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (liberal pleading rules are not intended to be a vehicle for abusive documents).

The Court warns Plaintiff it will not accept as an operative complaint a filing that does not meet the above guidelines. In that case, the Court may dismiss all federal claims that may have been brought in the initial complaint and remand this action to state court.

Doc. 12 at 3-4.

In response to this Order, Plaintiff submitted a 64-page, single-spaced document that is formatted as an email and is not a complaint by title. Doc. 13 at 1. This filing is not a short and plain statement demonstrating the grounds for relief. The filing is, again, in narrative format despite the Court's instruction to utilize uniquely numbered paragraphs. The filing does not contain any causes of action, or clear facts supporting any cause of action. The filing does not make clear exactly *who* is alleged to have done *what* to *whom*, and does not provide each defendant with fair notice as to the basis of the claim against it. Instead, it purports to describe numerous, unrelated instances of wrongdoing over multiple years against multiple, confusingly-identified persons such as Plaintiff's landlord Alan Armijo and the city mayor (who are not

violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The amended complaint must identify which claims Plaintiff is asserting against each Defendant and the facts that support the claims. The amended complaint does not need to repeat factual allegations in each claim; the amended complaint may incorporate previous factual allegations by reference.

The amended complaint must set forth Plaintiff's allegations in uniquely numbered paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"). Rule 8 of the Federal Rules of Civil Procedure requires that Defendants "must admit or deny the allegations asserted against" them by Plaintiff. Fed. R. Civ. P. 8(b)(1)(B). Uniquely numbered paragraphs facilitate the identification of which paragraphs Defendants admit and which paragraphs they deny.

The Court instructs Plaintiff to refrain from abusive language and rhetoric directed at the Court or the opposing party or counsel. *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (liberal pleading rules are not intended to be a vehicle for abusive documents).

The Court warns Plaintiff it will not accept as an operative complaint a filing that does not meet the above guidelines. In that case, the Court may dismiss all federal claims that may have been brought in the initial complaint and remand this action to state court.

Doc. 12 at 3-4.

In response to this Order, Plaintiff submitted a 64-page, single-spaced document that is formatted as an email and is not a complaint by title. Doc. 13 at 1. This filing is not a short and plain statement demonstrating the grounds for relief. The filing is, again, in narrative format despite the Court's instruction to utilize uniquely numbered paragraphs. The filing does not contain any causes of action, or clear facts supporting any cause of action. The filing does not make clear exactly *who* is alleged to have done *what* to *whom*, and does not provide each defendant with fair notice as to the basis of the claim against it. Instead, it purports to describe numerous, unrelated instances of wrongdoing over multiple years against multiple, confusingly-identified persons such as Plaintiff's landlord Alan Armijo and the city mayor (who are not

named defendants). The alleged wrongdoing appears to involve ADA claims, *id.* at 20; Fair Housing Act claims, *id.* at 32; state-law claims such as animal abuse, *id.* at 1; and religious discrimination claims, *id.* at 5. However, it is impossible to tell which claim is brought against which Defendant, or where one claim ends and another begins. It is likewise impossible to tell what claims Plaintiff wishes to bring in the present Court and the present lawsuit, as many pages appear to be copied from emails, letters, or prior court filings. *E.g.*, *id.* at 20, 35, 45.

In short, this filing fails to comply with the Order to Amend or with Rule 8(a). "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (internal quotation marks omitted); *id.* ("the amended complaint contains much distracting and irrelevant detail and would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted" (internal quotation marks omitted)); *see also Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her"); *Pola v. Utah*, 458 F. App'x 760, 762 (10th Cir. 2012) (the "incoherent, rambling" complaint that "included everything but the kitchen sink" did not comply with Rule 8 (internal quotation marks and alteration omitted)); *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (complaint fails to comply with Rule 8 if it "lacks clarity about what each defendant allegedly did to incur liability").

For all of these reasons, I recommend the Court decline to accept Doc. 13 as an amended complaint. *See* Doc. 12 at 4 ("The Court warns Plaintiff it will not accept as an operative complaint a filing that does not meet the above guidelines. In that case, the Court may dismiss all

federal claims that may have been brought in the initial complaint and remand this action to state court."). I further recommend the Court dismiss any federal claims Plaintiff intended to bring in the operative complaint (Doc. 1-2) for failure to state a claim, for the reasons stated in the Court's Order to Show Cause (Doc. 7).

Such dismissals may be entered with or without prejudice. *See Fontana v. Pearson*, 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (addressing Rule 41 dismissals). Because the claims remain unclear, I recommend the Court enter the dismissal of federal claims without prejudice. Finally, I recommend the Court remand the remaining state-law claims to state court. 28 U.S.C. § 1367(c)(3) (federal court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." (emphasis added)); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) (reversing a district court for failing to decline supplemental jurisdiction).

THEREFORE, I recommend the Court:

1. Decline to accept Doc. 13 as an amended complaint;

2. Dismiss without prejudice all federal claims in Doc. 1-2, the operative complaint filed in state court; and

3. Remand the case to state court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**